IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

APEX BANK f/k/a BANK OF
CAMDEN,

    Plaintiff,

v.

CHILD FIRST 24 HR CHILD CARE
and ALL OTHER OCCUPANTS,

    Defendants.

CIVIL ACTION NO.
1:17-CV-985-TWT-LTW

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Petitioner Diane Williams' request to remove a civil action in forma pauperis, without prepayment of fees and costs or security therefor (Doc. 1), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Williams is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Williams' application to proceed in forma pauperis is **GRANTED**. (Doc. 1). For the reasons outlined below, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## PROCEDURAL BACKGROUND FACTS

In January 2017, pursuant to Georgia law, Plaintiff Apex Bank f/k/a Bank of Bank of Camden ("Apex Bank") filed a dispossessory proceeding in the Magistrate Court of

DeKalb County, State of Georgia, in an attempt to evict Defendant Child First 24 Hr Child Care ("Child First") and all other occupants from a property because they are tenants at sufferance. (Doc. 1-1, p. 10). Diane Williams, on behalf of Child First and all other occupants, removed the matter to this Court and appears to be asserting federal defenses or counterclaims against Apex Bank in her petition for removal. Williams also appears to argue this Court has federal question jurisdiction over the matter on the grounds that Defendants' defenses or counterclaims invoke the Ninth, Eleventh, Thirteenth, and Fourteenth Amendments, the Supremacy Clause of the United States Constitution, the International Covenant on Civil and Political Rights, as well as the Universal Declaration of Human Rights. Williams has removed this matter pursuant to 28 U.S.C. 1441(b), (c), and (e), as well as 28 U.S.C. §§ 1443(1), (2).

Defendants' defenses and counterclaims under federal law do not give them authority to remove this action. First, 28 U.S.C. § 1441 does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1)

(diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, Apex Bank relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of DeKalb County to seek possession of Child Care's property. (Doc. 1-1, p. 10). No federal question is presented on the face of Apex Bank's Complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. §§ 44-7-49,

et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. In Williams' Notice of Removal, Williams cursorily alleges Apex Bank violated the Ninth, Eleventh, Thirteenth, and Fourteenth Amendments, the Supremacy Clause of the United States Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights. (Doc. 1-1, p. 1-2). A federal question present in a counterclaim or a defense, however, is not a proper basis for removal of a Complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Moreover, diversity of citizenship does not provide a basis for removal in this case. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither Williams' Petition for Removal nor Apex Bank's Complaint includes any facts showing that the $75,000 jurisdictional threshold is met. A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F.

Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Thus, Apex Bank's Complaint does not satisfy the amount in controversy requirement.

Similarly, removal jurisdiction is not conferred by either Subsection (c) or (e) of 28 U.S.C. § 1441. Subsection (c) does not provide an independent basis for removal; instead, it merely permits the removal of an entire case when a claim that is removable on the basis of federal question jurisdiction is joined with otherwise non-removable causes of action. The procedure requires that non-removable claims must be severed and remanded back to the state court from which the case was removed. 16 James Wm. Moore et al., Moore's Federal Practice ¶ 107.14(2)(I) (3d ed. 2014); Hawkins v. Cotrell, Inc., 785 F. Supp. 2d 1361, 1376 (N.D. Ga. 2011). As discussed above, Apex Bank's dispossessory action does not include any federal claims.

Title 28, Section 1441(e) only allows a defendant sued in state court to remove an action that could have been brought in federal court under Title 28, Section 1369(a), as a civil action involving minimal diversity between adverse parties that arises from a single accident where at least seventy-five natural persons have died in a discrete location, and that meets Section 1369's other conditions.[1] This dispossessory action is clearly not such a case. Hansen v. Bank of New York Mellon, No. H-14-0156, 2014

---

[1] Subsection (e) was created as part of the Multiparty, Multiforum, Trial Jurisdiction Act of 2002, codified at 28 U.S.C. § 1369, which was enacted "to make the process of adjudicating common disaster lawsuit . . . more convenient to all of the litigants concerned." Turner v. E-Z Rent A Car, Inc., 807CV-1567-T-30TBM, 2007 WL 3046672, at *2 (M.D. Fla. Oct. 17, 2007) (quoting Passa v. Derderian, 308 F. Supp. 2d 43, 54 (D.R.I. 2004)).

WL 1572524, at *2 n.3 (S.D. Tex. Apr. 18, 2014); PNC Bank, Nat'l Ass'n v. Cook, No. 1:12CV930, 2013 WL 4832818, at *3 (S.D. Ohio Sept. 11, 2013).

Williams also attempts to invoke jurisdiction pursuant to 28 U.S.C. § 1443. Section 1443, however, does not provide a valid basis for removal jurisdiction. Title 28, Section 1443(1) of the United States Code allows for removal "against any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443. In order to remove under Section 1443, however, Defendants must satisfy a two pronged test. First, Defendants must show that "the right upon which [they rely] arises under a federal law providing for specific civil rights stated in terms of racial equality." Wells Fargo Bank, N.A. v. Henley, 198 F. App'x 829, 830 (11th Cir. 2006). Second, Defendants "must show that [they have] been denied or cannot enforce that right in the state courts." Cent. Mortg. Co. v. Laskos, 561 F. App'x 827, 829 (11th Cir. 2014); Henley, 198 F. App'x at 830.

The Petition for Removal falls short of establishing justification for removal under Section 1443(1). In order to satisfy the first requirement, the law invoked must provide for specific civil rights stated in terms of racial equality. Laskos, 561 F. App'x at 829. Broad allegations under constitutional provisions such as the Bill of Rights or the Fourteenth Amendment cannot support a valid claim for removal under Section 1443. Laskos, 561 F. App'x at 829; Taylor v. Phillips, 442 F. App'x 441, 443 (11th Cir. 2011). The petition fails to establish Defendants' entitlement to removal under the first

6

prong because it relies on rights of general application available to all persons or citizens and broad allegations of violations of constitutional provisions without including any factual detail. Taylor, 442 F. App'x at 443. Although the Petition for Removal references various Amendments of the United States Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, it is not apparent from the face of the petition that any of Defendants' counterclaims or defenses invoke racial equality. The Petition does not allege that Apex Bank discriminated against Defendants on the basis of race, and Defendants fail to assert any factual allegations that show that they suffered racial inequality.  Second, even assuming the Petition's broad assertions that Apex Bank's actions violated the Bill of Rights; Ninth, Eleventh, Thirteenth, and Fourteen Amendments; the International Covenant on Civil and Political Rights; and the Universal Declaration of Human Rights established the first prong, Defendants still cannot establish entitlement to removal under Subsection 1443(1) because Defendants have not identified any law or policy of the State of Georgia which has rendered Defendants unable to enforce their federal rights. Laskos, 561 F. App'x at 829. This prong normally requires that the denial be "manifest in a formal expression of the state law." Taylor, 442 F. App'x at 442; Ala. v. Conley, 245 F.3d 1292, 1296 (11th Cir. 2001). Blanket assertions that a defendant is unable to obtain a fair trial in state court are insufficient to support removal. Taylor, 442 F. App'x at 442-43.

      The burden is on the party who sought removal to demonstrate that federal

jurisdiction exists. <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1294-95 (11th Cir. 2008). As such, the removing party's burden extends to making and supporting the arguments necessary to sustain removal. <u>Ervast v. Flexible Prods. Co.</u>, 346 F.3d 1007, 1017 n.4 (11th Cir. 2003) (declining to consider argument concerning diversity jurisdiction, raised for the first time in petitioner's appellate brief, because petitioner had "the burden to plead this basis in its notice of removal"); <u>Bank of New York Mellon v. Beccan</u>, No. 1:12-CV-01392-RWS, 2013 WL 3990753, at *3 (N.D. Ga. Aug. 1, 2013) (rejecting Section 1443 as a basis for removal of dispossessory action because defendant did not provide any factual basis supporting removal under Section 1443); <u>Alcan Inv., LLC v. C-D Jones & Co., Inc.</u>, No. 09-0492-WS-N, 2009 WL 2762828, at *7 (S.D. Ala. Aug. 27, 2009) (noting that when the defendants elected to support removal under one legal authority, they risked remand if the court disagreed that the authority provided a basis for removal and no duty devolved upon the court to conduct additional legal research or construct additional arguments on the defendant's behalf). The Petition therefore, is not sufficient to meet Defendants' burden of showing that removal under Section 1443 is authorized in this case. <u>See, e.g.</u>, <u>Henley</u>, 198 F. App'x at 830-31 (rejecting removal of dispossessory action pursuant to Section 1443 because defendant's claim was not based on the denial of civil rights stated in terms of racial equality); <u>St. James Assoc. v. Larsen</u>, 67 F. App'x 684, 686 (3d Cir. 2003) (rejecting Section 1443 as a basis of removal for ejectment action even where the defendant alleged a violation of the Fair Housing Act because the plaintiff did not allege

racial discrimination); Beccan, 2013 WL 3990753, at *3; Sky Lake Gardens No. 3, Inc. v. Robinson, No. 96-1412, 1996 WL 944145, at *5 (S.D. Fla. 1996) (rejecting Section 1443 as a basis for removal of action where defendant's Fair Housing Act counterclaim was predicated on familial status discrimination).

This Court also concludes that the action was not properly removable to federal district court under Section 1443(2), which provides removal involving a civil action "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Eleventh Circuit has explained that the first clause under Section 1443(2), concerning "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Taylor, 442 F. App'x at 443, citing City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). The second clause, concerning refusal to do any act on the ground that it would be inconsistent with laws providing for equal rights, allows the right to remove only to state officers. Taylor, 442 F. App'x at 443. Allegations within the petition for removal do not reflect that Child First or Williams is a state or federal officer who was either executing duties under federal law or refusing to do on an act on the ground that it would be inconsistent with equal rights laws. Accordingly, Defendants' right to removal has not been established under Section 1443(2). Because no valid basis for removal jurisdiction has been established, the undersigned **RECOMMENDS** that this

action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## CONCLUSION

Based on the foregoing reasons, Williams' application to proceed in forma pauperis is **GRANTED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 10 day of April, 2017.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE